UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHANDRA SLOAN,

          Plaintiff,                CIVIL ACTION NO. 10-10356

        v.                     DISTRICT JUDGE JOHN FEIKENS

TRANS UNION, LLC, EQUIFAX,       MAGISTRATE JUDGE VIRGINIA MORGAN
RICHARD SMITH, EXPERIAN,
DON ROBERT, and HARRY C.
GAMBILLAND[1],

          Defendants.
_____/

## REPORT AND RECOMMENDATION

## I. Introduction

      This *pro se* action comes before the court on "Defendant Trans Union, LLC's Ex Parte

Motion to Dismiss Defendant Harry C. Gambill Pursuant to 12(c)" (D/E #8) and "Experian

Information Solutions, Inc.'s Concurrence and Motion to Dismiss Claims Against Co-Defendant

Don Robert" (D/E #14). Plaintiff has not filed a response to either motion, and the deadline for

filing a response has passed (D/E #11, #16). On April 19, 2009, the court held a hearing on

defendants' motions, with plaintiff appearing by phone. For the reasons discussed below, this

---

[1]In various filings, defendants assert that some of them have been improperly identified or
named in the complaint. However, there has been no motion to correct the docket and this court will
therefore identify the defendants as they are named in the complaint.

court recommends that both motions be **GRANTED** and that defendants Gambilland and Robert be dismissed from this action.  This court also recommends that defendant Richard Smith be dismissed *sua sponte* for the same reasons as the other two individual defendants.

## II. Background

Plaintiff originally filed this action in state court.  On January 26, 2010, defendants Trans Union, LLC ("Trans Union") and Harry C. Gambilland removed the case to federal court (D/E #1).  The other defendants had not yet been served at the time of removal.

Plaintiff's complaint[2] is unclear with respect to her exact claims, but she appears to allege that the corporate defendants are all engaged in the business of providing credit reports, and that they unlawfully and fraudulently provided false reports with respect to plaintiff.  According to plaintiff, defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (FCRA), the Privacy Act of 1974, 5 U.S.C. § 552a *et seq*. ("Privacy Act"), and various provisions of the Uniform Commercial Code (UCC).

On February 18, 2010, defendants Trans Union and Gambilland filed a motion to dismiss Gambilland pursuant to Fed. R. Civ. P. 12(c) (D/E #8).  In that motion, those defendants argue that Gambilland should be dismissed because plaintiff makes no claims against him and because the statutes plaintiff relies on do not provide for individual liability.  Defendants also note that Gambilland resigned as President and Chief Executive Officer of Trans Union in 2007, and that he relinquished his role as Vice Chairman of Trans Union's Board of Directors in October of 2008.

---

[2]Plaintiff's complaint is attached as Exhibit 2 to the Notice of Removal (D/E #1).

Plaintiff did not file a response to Trans Union and Gambilland's motion and the deadline for filing a response has passed (D/E #11).

On April 6, 2010, defendants Experian and Don Robert filed a concurrence and motion to dismiss the claims against Robert (D/E #14). In that filing, those defendants concurred with the arguments set forth in Trans Union and Gambilland's motion while arguing that Robert should be dismissed for the same reasons. Defendants also argue that plaintiff failed to serve Robert in accordance with this court's order and that Robert should be dismissed on that basis as well.

Plaintiff did not file a response to Experian and Robert's motion and the deadline for filing a response has passed (D/E #16).

On April 19, 2009, the court held a hearing on defendants' motions. Plaintiff failed to appear in person for the hearing, but the court subsequently allowed her to appear by phone.

## III. Standard of Review

Defendants move to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(c). Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008)(quoting JP Morgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted)).

In deciding a motion brought under Fed. R. Civ. P. 12(c), a court uses the same standard of review as for those brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. See Winget, 510 F.3d at 581. Pursuant to that standard, the factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, *i.e.* more than merely possible. Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). See also Delay v. Rosenthal Collins Group, LLC., 585 F.3d 1003, 1005-06 (6th Cir. 2009).

**IV. Discussion**

As discussed above, while plaintiff's complaint is somewhat unclear with respect to her exact claims, she appears to allege that the corporate defendants are all engaged in the business of providing credit reports, and that they unlawfully and fraudulently provided false reports with respect to plaintiff. However, outside of being named as defendants, the individual defendants are not mentioned in the complaint at all and there are no specific claims against them. The individual defendants cannot be held liable solely because they are the chief executive officers for the corporate defendants and, by failing to make any claims against them, plaintiff has failed

to give sufficient notice to the defendants as to what claims are alleged and to plead sufficient factual matter to render the legal claim plausible. As such, the individual defendants should be dismissed on the basis that plaintiff failed to state a claim upon which relief can be granted against them. Iqbal, 129 S.Ct. at 1949-50. See also Hahn v. Star Bank, 190 F.3d 708, 714 (6th Cir. 1999) (holding that an employee of a corporation has no personal liability for the torts of the corporation unless the individual personally participated in the challenged actions and dismissing claims under the FCRA against individual defendants because the plaintiff failed to allege such personal participation).

Moreover, with respect to plaintiff's claims under the Privacy Act, this court would also note that the Privacy Act only creates a civil action against federal agencies and it does not create a cause of action against individuals. See 5 U.S.C. § 552a; Windsor v. The Tennessean, 719 F.2d 155, 160 (6th Cir.1983); Trimble v. United States, 28 F.3d 1214 (Table), 1994 WL 284092, *1 (6th Cir. June 23, 1994).

**V. Conclusion**

For the reasons discussed above, this court recommends that "Defendant Trans Union, LLC's Ex Parte Motion to Dismiss Defendant Harry C. Gambill Pursuant to 12(c)" (D/E #8) and "Experian Information Solutions, Inc.'s Concurrence and Motion to Dismiss Claims Against Co-Defendant Don Robert" (D/E #14) be **GRANTED** and that defendants Gambilland and Robert be dismissed from this action. This court also recommends that defendant Richard Smith be dismissed *sua sponte* for the same reasons as the other two individual defendants.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: April 22, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Chandra Sloan via the Court's ECF System and/or U. S. Mail on April 22, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan
