UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANDRA SLOAN,

       Plaintiff,                         CIVIL ACTION NO. 10-10356

      v.                              DISTRICT JUDGE JOHN FEIKENS

TRANS UNION, LLC, EQUIFAX,      MAGISTRATE JUDGE VIRGINIA MORGAN
RICHARD SMITH, EXPERIAN,
DON ROBERT, and HARRY C.
GAMBILLAND[1],

       Defendants.
_____/

**REPORT AND RECOMMENDATION**
**TO GRANT MOTION TO DISMISS (D/E #29) AND CONCURRENCES (D/E #30, #31)**

**I. Introduction**

This *pro se* action comes before the court on defendant Trans Union, LLC ("Trans Union")'s Motion to Dismiss Pursuant to Rule 12(c) (D/E #29), defendant Experian's Notice of Joinder/Concurrence in Trans Union's Motion to Dismiss (D/E #30), and defendant Equifax's Notice of Joinder/Concurrence in Trans Union's Motion to Dismiss (D/E #31). Plaintiff has filed a response in opposition to those filings (D/E #35) and Trans Union filed a reply to that

---

[1]On May 13, 2010, the Honorable John Feikens adopted a report and recommendation of this court and dismissed defendants Richard Smith, Don Robert, and Harry C. Gambilland (D/E #34).

response (D/E #37). For the reasons discussed below, this court recommends that the motion and concurrences be **GRANTED** and this action be dismissed with prejudice.

## II. Background

Plaintiff originally filed this action in state court. On January 26, 2010, defendants Trans Union and Gambilland removed the case to federal court (D/E #1). The other defendants had not yet been served at the time of removal.

Plaintiff's complaint[2] is unclear with respect to her exact claims, but she appears to allege that the corporate defendants are all engaged in the business of providing credit reports, and that they unlawfully and fraudulently provided false reports with respect to plaintiff. According to plaintiff, defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (FCRA), the Privacy Act of 1974, 5 U.S.C. § 552a *et seq*. ("Privacy Act"), and various provisions of the Uniform Commercial Code (UCC). Plaintiff also appears to allege that defendants engaged in common law fraud and breach of contract. As relief, plaintiff seeks to have her credit reports corrected.

On May 3, 2010, defendant Trans Union filed the motion to dismiss pending before the court (D/E #29). In that motion, Trans Union argues that plaintiff's FCRA claim should be dismissed because plaintiff is not entitled to equitable relief under the FCRA and that is the only relief she seeks under that statute. Trans Union also argues that it cannot liable under the Privacy Act, because the Privacy Act only applies to government agencies, and that the UCC does not apply to Trans Union's credit reporting. Trans Union further argues that plaintiff's

---

[2]Plaintiff's complaint is attached as Exhibit 2 to the Notice of Removal (D/E #1).

common law fraud claim is preempted by the FCRA and, even it was not preempted, plaintiff failed to plead her fraud claim with the particularity required by the Federal Rules of Civil Procedure.

On May 6, 2010, defendant Experian filed a notice of joinder and concurrence in Trans Union's motion to dismiss, in which Experian sought dismissal of plaintiff's claims against it for the same reasons argued by Trans Union (D/E #30).

On May 12, 2010, defendant Equifax filed a notice of joinder and concurrence in Trans Union's motion to dismiss, in which Equifax sought dismissal of plaintiff's claims against it for the same reasons argued by Trans Union (D/E #31).

On May 24, 2010, plaintiff filed a response to the motion to dismiss and concurrences (D/E #35).[3] In that response, plaintiff restated the allegations found in her complaint.

On June 9, 2010, defendant Trans Union filed a reply to plaintiff's response (D/E #37). In that reply, Trans Union argues that plaintiff's response is the substantive equivalent of no response at all and that the motion should be granted as unopposed. Trans Union also reiterated its earlier arguments.

On June 16, 2010, this court heard oral arguments on the motion to dismiss and concurrences. At the hearing, defendants reiterated their earlier arguments while plaintiff argued that defendants were third-parties trying to "mitigate [her] affairs without [her] permission to do so." Plaintiff also argued that defendants are private entities that did not have a contract to do

---

[3]This court would note that, during oral argument, plaintiff stated that she did not file a response to the motion to dismiss. However, docket entry is identified as an "Order Denying Respondent's Motion to Dismiss" and this court construes that filing as a response to the motion to dismiss and concurrences.

business with plaintiff or permission to publish her social security number. According to plaintiff, by doing so, defendants violated her "intellectual properties."

**III. Standard of Review**

Defendants move to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(c). Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008)(quoting JP Morgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted)).

In deciding a motion brought under Fed. R. Civ. P. 12(c), a court uses the same standard of review as for those brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. See Winget, 510 F.3d at 581. Pursuant to that standard, the factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, *i.e.* more than merely possible. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) (quoting Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). See also Delay v. Rosenthal Collins Group, LLC., 585 F.3d 1003, 1005-06 (6th Cir. 2009).

## IV. Discussion

As discussed above, plaintiff appears to allege that defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA), the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.* ("Privacy Act"), and various provisions of the Uniform Commercial Code (UCC). Plaintiff also appears to allege that defendants engaged in common law fraud and breach of contract. For the reasons discussed below, this court recommends that all of those claims be dismissed.

### A. Federal Claims

### 1. FCRA Claims

As described above, defendants argue that plaintiff's FCRA claims should be dismissed because plaintiff is not entitled to equitable relief under the FCRA and that is the only relief she seeks. While the Sixth Circuit has not addressed this issue, and declined to do so when given the chance, see Beaudry v. Telecheck Services, Inc., 579 F.3d 702, 708-709 (6th Cir. 2009), both the Fifth Circuit and a number of district courts within the Sixth Circuit have held that injunctive relief is not available to private litigants under the FCRA. See, *e.g.*, Washington v. CSC Credit Servs., 199 F.3d 263 (5th Cir. 2000) (holding that the FCRA's grant to the FTC of the power to obtain injunctive relief creates a negative inference that FCRA's private right of action, which has no express provision for injunction actions, does not allow individuals to obtain injunctive relief.); Kaplan v. Experian, Inc., No. 09-10047, 2010 WL 2163824, *4 (E.D. Mich. May 26, 2010) (Cox, J.) (citing Washington, 199 F.3d at 268, and holding that injunctive relief is not

available to private litigants under the FCRA); Khalil v. Transunion, LLC, No. 08-10303, 2009 WL 804165, *1-2 (E.D. Mich. March 25, 2009) (Murphy, J.) (citing Washington, 199 F.3d at 268, and holding that the plaintiff, a private litigant, is not entitled to equitable relief under the FCRA).

Moreover, even if plaintiff could be granted equitable relief under the FCRA, plaintiff's FCRA claims should still be dismissed on the basis that plaintiff failed to state a claim upon which relief can be granted. As discussed above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face" and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 U.S. at 1949 (citing Twombly, 550 U.S. at 556). Here, both plaintiff's complaint and response merely make conclusory allegations regarding her FCRA claim and they are devoid of any factual allegations rendering those claims plausible.

**2. Privacy Act Claims**

With respect to plaintiff's claims under the Privacy Act, this court would also note that the Privacy Act only creates a civil action against federal agencies, see 5 U.S.C. § 552a, and that an "agency" includes "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of Government (including the Executive Office of the President), or any independent regulatory agency", 5 U.S.C. § 552(f)(1). Therefore, under its plain language, the Privacy Act does not create a cause of action against individuals or private businesses. See, *e.g.*, Windsor v. The

Tennessean, 719 F.2d 155, 160 (6th Cir.1983); Trimble v. United States, 28 F.3d 1214 (Table), 1994 WL 284092, *1 (6th Cir. June 23, 1994). Consequently, plaintiff's claims under the Privacy Act must be dismissed.

**B. State Law Claims**

If plaintiff's claims under federal law are dismissed, then the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Moreover, as argued by defendants, some of plaintiff's state law claims are also subject to dismissal for failure to state a claim upon which relief can be granted.[4]

**1. UCC Claims**

As argued by defendants, to the extent plaintiff alleges claims under Michigan's version of the UCC, the complaint fails to state a claim for relief. Michigan's version of the UCC only applies to transactions in goods. M.C.L. § 440.2102; Neibarger v. Universal Cooperatives, Inc., 439 Mich. 512, 536-537, 486 N.W.2d 612 (1992); Farm Bureau Mut. v. Combustion Research Corp., 255 Mich. App. 715, 723, 662 N.W.2d 439 (2003). "Goods" are defined by Michigan

---

[4]This court would also note that, while the motion to dismiss and concurrences fail to address plaintiff's breach of contract claim, plaintiff conceded during oral argument that there was no contract between the parties.

Law as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities . . . and things in action." M.C.L. § 440.2105. Plaintiff's complaint completely fails to allege that any goods are at issue in this case and, consequently, her claims under the UCC should be dismissed.

**2. Common Law Fraud Claims**

Plaintiff's allegations that defendants engaged in fraud should also be dismissed. Pursuant to Fed. R. Civ. P. 9(b): "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud. Advocacy Organization for Patients and Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 322 (6th Cir. 1999).[5] The Sixth Circuit reads rule 9(b)'s requirement "liberally, ... requiring a plaintiff, at a minimum, to allege the time,

---

[5] For example, "[i]n the context of securities litigation it has generally been held that Rule 9(b) serves three purposes: 1) it ensures that allegations are specific enough to inform a defendant of the act of which the plaintiff complains, and to enable him to prepare an effective response and defense; 2) it eliminates those complaints filed as a pretext for the discovery of unknown wrongs-a 9(b) claimant must know what his claim is when he files; and 3) it seeks to protect defendants from unfounded charges of wrongdoing which injure their reputations and goodwill." Vennittilli v. Primerica, Inc., 943 F.Supp. 793, 798 (E.D. Mich. 1996) (Gilmore, J.), quoting Benoay v. Decker, 517 F.Supp. 490 (E.D. Mich. 1981), aff'd 735 F.2d 1363 (6th Cir. 1984).

place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir.1993) (internal quotation marks and citation omitted). See also Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003). In Yuhasz, for example, the plaintiff failed to allege a claim with sufficient particularity as required by Rule 9(b) because it contained no particularized allegations of wrongdoing and the failure to identify specific parties, contracts, or fraudulent acts requires dismissal. Yuhasz, 341 F.3d at 563-564.

The liberal reading of Fed. R. Civ. P. 9(b) stems from the influence of Fed. R. Civ. P. 8, which only requires a short and plain statement of the claim. Advocacy Organization for Patients and Providers, 176 F.3d at 322. However, even with that liberal reading, "allegations of fraudulent misrepresentation[s] must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." Coffey, 2 F.3d at 162. Moreover, multiple defendants must be distinguished, and if they are not, the complaint is inadequate. Vennittilli v. Primerica, Inc., 943 F.Supp. 793, 798 (E.D. Mich.,1996) (Gilmore, J.), citing Benoay v. Decker, 517 F.Supp. 490, 493 (E.D. Mich.1981), aff'd 735 F.2d 1363 (6th Cir.1984) (Gilmore, J.). For example, in Benoay, the court stated:

> Each individual must be apprised separately of the specific acts of which he is accused, especially in a case involving multiple defendants. The complaint, therefore, may not rely upon blanket references to acts or omissions by all of the 'defendants,' for each

-9-

> defendant named in the complaint is entitled to be apprised of the
> circumstances surrounding the fraudulent conduct with which he
> individually stands charged.

Benoay, 517 F.Supp. at 493 (citations omitted).

In this case, plaintiff has failed to allege her fraud claim with particularity and it should be dismissed for failure to state a claim upon which relief can be granted. As discussed above, the actions of and claims against the different defendants must be distinguished. See . Vennittilli, 943 F.Supp. at 798; Benoay, 517 F.Supp. at 493. In this case, plaintiff alleges fraud by Trans Union, Equifax and Experian, but she does not provide specific details or identify the exact problems she is having with her credit reports. Moreover, plaintiff simply groups all of the defendants together and alleges that they conspired to commit fraud. By doing so, plaintiff impermissibly relies upon blanket references to acts or omissions by all of the defendants and no defendant named in the complaint is apprised of the circumstances surrounding the fraudulent conduct with which it individually stands charged. Consequently, plaintiff has failed to allege her fraud claim with particularity as required by Fed. R. Civ. P. 9(b) and her fraud claims against Trans Union, Equifax and Experian should be dismissed pursuant to Fed. R. Civ. P. 12(c).

**V. Conclusion**

For the reasons discussed above, this court recommends that the motion and concurrences be **GRANTED** and that this action be dismissed with prejudice..

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                        S/Virginia M. Morgan
                                        Virginia M. Morgan
                                        United States Magistrate Judge

Dated: June 23, 2010

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on June 23, 2010.

                                        s/Jane Johnson
                                        Case Manager to
                                        Magistrate Judge Virginia M. Morgan